IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER L. GORE,**

**Plaintiff,**

v.

**ALLTEL COMMUNICATIONS, LLC, and
ALLTEL COMMUNICATIONS, LLC,
as Successor in Interest to SOUTHERN
ILLINOIS CELLULAR CORP., d/b/a
FIRST CELLULAR SOUTHERN ILLINOIS,**

**Defendants.**                                                        No. 10-735-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is defendants' Alltel Communications, LLC (Alltel) and Alltel, as successor in interest to Southern Illinois Cellular Corp., d/b/a First Cellular Southern Illinois (First Cellular), (collectively defendants unless context dictates otherwise) expedited motion to reconsider and/or limit discovery (Doc. 35), its memorandum in support thereof (Doc. 36), and its motion for oral argument on that motion (Doc. 37). For the reasons that follow, both the motion (Doc. 35) and the motion for oral argument are denied (Doc. 37).

On April 22, 2011, the Court entered an order (Doc. 33) denying defendants' motion to compel individual arbitration or, alternatively, to stay litigation pending the disposition of *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009), *cert.*

*granted*, *AT&T Mobility LLC v. Concepcion*, 130 S. Ct. 3322 (2010) (Doc. 11), which has since been decided by the Supreme Court, No. 09-893, 2011 U.S. LEXIS 3367 (April 27, 2011). In the order, the Court also ordered the parties to proceed with discovery, and the defendants to file a responsive pleading to plaintiff's complaint within 21 days of the date of the order.

Following this order, defendants filed their answer (Doc. 34), motion to reconsider and/or limit discovery (Doc. 35), its memorandum in support thereof (Doc. 36), its motion for oral argument on that motion (Doc. 37), and its first request for admissions directed to plaintiff (Doc. 38). The Court then entered an order (Doc. 39) directing plaintiff to respond to defendants' motion to reconsider and/or limit discovery. Plaintiff filed a response (Doc. 41) and also filed a motion for summary judgment on defendants' arbitration defense and memorandum in support thereof (Doc. 42).

In defendant's expedited motion to reconsider and/or limit discovery (Doc. 35), defendants request the Court to clarify its order denying defendants' motion to compel arbitration to make clear that discovery and other proceedings be limited to the issue of whether plaintiff entered into a valid agreement to individually arbitrate his claims. In plaintiff's response (Doc. 41), plaintiff states that he is willing to limit discovery until the arbitration issue is resolved and plaintiff's motion for summary on defendants' arbitration defense (Doc. 42) is decided. Having considered the pending motions, the Court DENIES the motion to reconsider (Doc. 35) for the reasons stated in the original order, with which the court finds no error, and also

denies the alternative motion to limit discovery (Doc. 35) despite the agreement of plaintiff to limit discovery until its motion for summary judgment on defendant's arbitration defense is decided (Doc. 42). The Court finds that it would be a waste of resources, particularly time, not to pursue merits discovery simultaneously. Accordingly, the motion for oral argument (Doc. 37) is DENIED as moot.

**IT IS SO ORDERED.**

Signed this 5th day of May, 2011.

*David R. Herndon*

Digitally signed by David R. Herndon
Date: 2011.05.05
13:43:30 -05'00'

**Chief Judge
United States District Court**